# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JELLICO REGIONAL HOSPITAL, LLC, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 3:24-cv-268 |
| v. | ) ) | Judge Atchley |
| PROGRESSIVE HEALTH OF JELLICO, LLC, *et al.*, | ) ) ) ) | Magistrate Judge Poplin |
| *Defendants*. | ) ) | |

| | | |
|---|---|---|
| SYCAMORE PHYSICIANS, LLC, | ) ) | |
| *Plaintiff*, | ) ) | Case No. 3:24-cv-320 |
| v. | ) ) | Judge Atchley |
| BOA VIDA HEALTHCARE, | ) ) | Magistrate Judge Poplin |
| *Defendant*. | ) ) | |

| | | |
|---|---|---|
| NORTEK MEDICAL STAFFING, INC, | ) ) | Case No. 3:25-cv-398 |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Judge Atchley |
| JELLICO REGIONAL HOSPITAL, LLC, *et al.*, | ) ) ) ) | Magistrate Judge Poplin |
| *Defendants*. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sycamore Physicians, LLC's Motion for Partial Summary

Judgment [Doc. 45][1] seeking the entry of partial summary judgment in its favor as to the following issues:

1. "Breach of Contract;"
2. "Related Damages; and"
3. "At a minimum, a declaration of secondary liability of Defendant, Jellico Regional Hospital…for damages under the related Agreement."

For the following reasons, the Motion [Doc. 45] is **GRANTED**.

I.  BACKGROUND

On December 10, 2023, Sycamore and Defendant/Third-Party Plaintiff Jellico Regional Hospital, LLC ("JRH")[2] entered into an "Agreement for Professional Staffing of Emergency Department" ("Agreement") for the provision of emergency department physicians at the Jellico Regional Hospital. [Doc. 43 at ¶ 1; *see also* Doc. 43-1]. In the months that followed, JRH purportedly assigned its interest in the Agreement to Third-Party Defendants Progressive Health of Jellico, LLC and Progressive Health Group, LLC (collectively the "Progressive Entities"). [*See* Doc. 43 at ¶ 4]. Sycamore and JRH dispute whether this assignment was properly effectuated. [*See* Docs. 49, 51]. What they do not dispute, however, is that Sycamore fulfilled all its obligations under the Agreement. [Doc. 43 at ¶ 2; *see also* Doc. 45-1 at ¶ 3].

Consistent with the Agreement, Sycamore billed JRH for services rendered. [Doc. 45-1 at ¶ 3]. JRH did not object to these invoices, but it did not pay them either. [*Id.* at ¶¶ 4–5; Doc. 43 at ¶ 4]. Instead, JRH asserted the Agreement's assignment to the Progressive Entities, combined with

---

[1] As the Motion was filed prior to the consolidation of Sycamore's case, 3:24-cv-320, with 3:24-cv-268 and 3:25-cv-398, record citations will refer to the document numbers in 3:24-cv-320 unless otherwise noted.

[2] Sycamore referred to JRH in its initial pleading as "Boa Vida Healthcare d/b/a Jellico Regional Hospital, LLC." [Doc. 1-2]. The parties have since stipulated to substitute the name "Jellico Regional Hospital, LLC" (i.e., JRH) for Boa Vida Healthcare. [Doc. 43 at ¶ 5].

the fact that Sycamore provided the services to the Progressive Entities, meant the Progressive Entities—rather than it—were liable for the amounts owed. [*See* Doc. 43 at ¶¶ 2, 4]. The Progressive Entities similarly refused to pay Sycamore. [*See* Doc. 45-1 at ¶ 4]. As a result, Sycamore never received $305,055.98 for services rendered under the Agreement. [Doc. 43 at ¶ 3; *see also* Doc. 43-2 at ¶ 3; Doc. 1-2 at ¶ 13].

This lawsuit followed. [Doc. 1-2]. Sycamore sued JRH for breach of contract in the Chancery Court for Campbell County, Tennessee. [*Id.*]. JRH then timely removed this action, [Doc. 1], and brought third-party claims against the Progressive Entities alleging they, rather than it, were liable to Sycamore, [Docs. 16, 36].[3] As these third-party claims are related to the claims JRH is pursuing against the Progressive Entities in *Jellico Regional Hospital, LLC v. Progressive Health of Jellico, LLC*, 3:24-cv-268, the two cases were consolidated. [Doc. 53]. Later, a third case—*Nortek Medical Staffing, Inc. v. Jellico Regional Hospital, LLC*, 3:25-cv-398—was added to these consolidated proceedings. [Doc. 63].

Before this series of consolidations, Sycamore filed the instant Motion for Partial Summary Judgment asking the Court to award it summary judgment on the issues of (1) breach of contract, (2) related damages, and (3) whether JRH is, at a minimum, secondarily liable for the breach. [Doc. 45]. The Motion is ripe for review.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of

---

[3] JRH also brought third-party claims against Quentin Whitwell, the sole member of the Progressive Entities. [Docs. 16, 36]. As these claims have already been dismissed, [*see* Doc. 54], they will not be discussed further. [*See* Doc. 54].

3

materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If

the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

Sycamore has moved for summary judgment on the issues of (1) breach of contract, (2) related damages, and (3) whether JRH is, at a minimum, secondarily liable for the breach. [Doc. 45]. The Progressive Entities declined to substantively address these arguments. [*See* Doc. 50]. As for JRH, it similarly declined to address Sycamore's arguments as to breach and Sycamore's related damages. [*See* Doc. 49]. Instead, JRH's response centered on its argument that there is a genuine dispute of material fact as to whether it or the Progressive Entities are liable to Sycamore. [*See id.*].

Considering Sycamore's undisputed evidence and unrebutted arguments regarding breach and Sycamore's related damages, it is clear Sycamore is entitled to summary judgment on these issues. Regarding JRH's liability, the Court agrees with JRH that there remains a dispute as to which entity or entities are *primarily* liable for the breach of the Agreement, but it undisputed that JRH is, at the very least, *secondarily* liable to Sycamore. Therefore, and as explained below, Sycamore is entitled to summary judgment on each of the three issues raised in its Motion.

> **A.** *The undisputed evidence shows that either JRH or the Progressive Entities breached the Agreement with Sycamore, resulting in at least $305,055.98 in damages.*

"The essential elements of any breach of contract claim" under Tennessee law "include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (internal quotation marks omitted). An enforceable

contract can be express, implied, written, or oral, but it "must result from a meeting of the minds in mutual assent to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced." *Thompson v. Hensley*, 136 S.W.3d 925, 929 (Tenn. Ct. App. 2003) (internal quotation marks).

The Agreement meets the definition of an enforceable contract. Sycamore and JRH's meeting of the minds and mutual assent to the Agreement's terms is evidenced by their agents' signatures on the Agreement. *See 84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011); [Doc. 43-1 at 15]. The Agreement is based upon sufficient consideration given the obligations and benefits it imposed on Sycamore and JRH. [*See generally* Doc. 43-1]. There is nothing in the record to suggest that the Agreement is the product of fraud or undue influence, or that it is against public policy. Finally, the Agreement's terms are sufficiently definite such that they can be enforced. [*See generally id.*]. Accordingly, Sycamore has established that it entered into an enforceable contract with JRH. *See Thompson*, 136 S.W.3d at 929.

Sycamore has further established nonperformance under the Agreement amounting to a breach. In general terms, the Agreement provided that Sycamore would be paid in exchange for providing physicians to work in the Jellico Regional Hospital's emergency department. [*See generally* Doc. 43-1]. It is undisputed that Sycamore provided these services and that despite living up to its end of the bargain, it has yet to be paid. [Doc. 43 at ¶¶ 2–4; Doc. 45-1 at ¶¶ 3–4]. Accordingly, Sycamore has also established that the Agreement has been breached.

Next is the question of damages. Sycamore's uncontroverted evidence shows it has suffered at least $305,055.98 in damages as a result of the foregoing breach. [Doc. 43 at ¶ 3; *see also* Doc. 43-2 at ¶ 3; Doc. 1-2 at ¶ 13]. The effect of this evidence is twofold. First, it establishes the final element of Sycamore's breach of contract claim, meaning Sycamore is entitled to

summary judgment on this issue. *See ARC LifeMed, Inc.*, 183 S.W.3d at 26. Second, it further establishes that Sycamore is entitled to recover at least $305,055.98 to compensate it for the breach.[4] This leaves just one major issue to resolve: who is liable to Sycamore?

### B. *Sycamore is at least secondarily liable to Sycamore for the breach of the Agreement and resulting damages.*

Sycamore asks the Court to declare that JRH is at least secondarily liable for the damages Sycamore incurred because of the previously described breach of the Agreement. [Doc. 45]. In response, JRH argues that its assignment of the Agreement to the Progressive Entities has created a genuine dispute of material fact as to whether it or they are liable to Sycamore. [Doc. 49]. JRH's argument misses the mark. While JRH's purported assignment of the Agreement to the Progressive Entities may affect which entity is primarily liable to Sycamore, the undisputed evidence establishes that JRH is, at the very least, secondarily liable for the breach.

An assignment "does not release the assignor from his or her obligations to the other party under the assigned contract, absent an agreement that can be implied from facts other than the other contracting party's consent to the assignment; or the consent of the oblige." 6 AM. JUR. 2D *Assignments* § 129 (2025) (footnotes omitted); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 318 (A.L.I. 1981) ("Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor."); *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 48 (Tenn. Ct. App. 1993) (holding an assignor liable for damages incurred by the assignee's breach of the assigned contract); *Premier Imaging/Medical Sys. v. Coffey Family Med. Clinic, P.C.*, No. E2017-

---

[4] Sycamore also seeks interest and its attorney's fees, [Doc. 1-2] but notes that these figures will need to be determined at a later date, [Doc. 45 (noting that a remaining issue for trial is "[t]he amount of reasonable attorney's fees to which Sycamore is entitled"); Doc. 46 at 7 ("The amount of interest and any attorney's fees due to Sycamore under the Agreement shall be determined at a later hearing.")].

02186-COA-R3-CV, 2018 Tenn. App. LEXIS 394, at *22–23 (Ct. App. July 10, 2018) (same). "Even if an assignee assumes the obligations of the contract, the assignor remains secondarily liable as a surety or guarantor." 6 AM. JUR. 2D *Assignments* § 129 (2025).

JRH does not appear to contest this general principle but instead argues that Sycamore expressly released it from its obligations under the Agreement by consenting to the assignment. [*See* Doc. 49 at 4–8]. This argument is unconvincing. The evidence JRH relies on to establish Sycamore's consent—which Sycamore argues the Court cannot even consider, [Doc. 51 at 2]—demonstrates, at most, that Sycamore consented to the Progressive Entities performing JRH's obligations and receiving its benefits under the Agreement. [*See* Docs. 49-1, 49-2]. This consent, however, does not equate to Sycamore agreeing to release JRH from those same obligations if the Progressive Entities failed to abide by the Agreement's terms. Consent is not an all-or-nothing concept. In law as in life, a party can consent to some things while withholding consent for others. Just as an individual may consent to a hug but not to a kiss, so too can a party consent to a contract's assignment while withholding consent to release the assignor from potential liability. And here, the undisputed evidence shows that irrespective of whether Sycamore consented to JRH assigning its obligations and benefits under the Agreement to the Progressive Entities, Sycamore did not consent to release JRH from potential liability should the Agreement be breached. [Doc. 45-1 at ¶ 6; Doc. 51-1 at ¶ 4]. Consequently, while the Agreement's purported assignment may ultimately impact which entity is primarily liable to Sycamore, Sycamore has established that JRH is, at the very least, secondarily liable for the breach of the Agreement. *See* 6 AM. JUR. 2D *Assignments* § 129 (2025); RESTATEMENT (SECOND) OF CONTRACTS § 318 (A.L.I. 1981); *Premier Imaging/Medical Sys.*, 2018 Tenn. App. LEXIS 394, at *22–23. Sycamore is therefore entitled to summary judgment on this issue.

## IV. CONCLUSION

For the foregoing reasons, the Motion [Doc. 45] is **GRANTED**. The Court hereby makes the following findings:

1. Sycamore and JRH entered into an enforceable contract for the provision of physicians to work in Jellico Regional Hospital's emergency department (i.e., the Agreement). Sycamore has performed its obligations under the Agreement but has yet to be paid for services rendered. Accordingly, Sycamore has suffered a breach of the Agreement.
2. Sycamore's damages resulting from this breach are at least $305,055.98, not considering any potential interest or attorney's fees.
3. JRH is at least secondarily liable to Sycamore for the breach.

This leaves the following issues for trial as relates to Sycamore's claims:

1. Whether JRH or one or both of the Progressive Entities are primarily liable to Sycamore for the breach of the Agreement;
2. Whether and to what extent Sycamore is entitled to interest and attorney's fees; and
3. Whether and to what extent Sycamore is entitled to any other relief.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**